**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4800**

───────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LAVELTON MORRIS,

          Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00102-CCE-2)

───────────

Submitted:  May 13, 2014          Decided:  May 20, 2014

───────────

Before WILKINSON, KING, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavelton Morris appeals the 156-month sentence imposed by the district court following his guilty plea to conspiracy to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Morris' counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning the calculation of Morris' Guidelines range and the substantive reasonableness of the sentence. Morris has filed supplemental briefs in which he echoes and supplements counsel's arguments. Finding no error, we affirm.

We review Morris' sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, Morris first contends that the district court should not have converted the roughly $6000 found in his

possession on the night of his arrest to its cocaine equivalent when calculating his Guidelines range. Assuming, without deciding, that there was plain error, such error did not affect Morris' substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993) (discussing standard of review). Because the actual narcotics Morris and his co-conspirator possessed at the time of their apprehension was more than adequate to support Morris' base offense level, any error in converting the seized cash to its cocaine equivalency caused no prejudice.

Moreover, there is no merit to Morris' contention that the district court improperly applied enhancements under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), (b)(12) (2012). Morris objected to neither enhancement, and their application was well supported by the facts recounted in Morris' uncontested presentence report. See United States v. Miller, 698 F.3d 699, 707 (8th Cir. 2012); United States v. Nelson, 6 F.3d 1049, 1056 (4th Cir. 1993), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995). Because the district court adequately explained its reasoning and considered Morris' arguments when sentencing Morris at the low end of his Guidelines range, we conclude that the sentence is procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record and have found no meritorious grounds for appeal. We

3

therefore affirm the district court's judgment. We deny Morris' motions to reconsider and to substitute counsel. This court requires that counsel inform Morris, in writing, of his right to petition the Supreme Court of the United States for further review. If Morris requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED